IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAKE WILLIAMS, M36618, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-298-DWD |
| | ) |
| ANTHONY WILLS, | ) |
| CONNIE DOLCE, | ) |
| ANGELA CRAIN, | ) |
| WEXFORD HEALTH SOURCE, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff Jake Williams, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that the defendants have violated his rights by failing to provide treatment for two injuries to his left foot. Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that since July of 2023 he has suffered from problems with his left foot. (Doc. 1 at 5). Specifically, he explains he has a stress fracture on the top of his foot and an unidentified mass on the bottom of the same foot. On July 6, 2023, he had an MRI that confirmed the stress fracture but could not diagnose the mass. The doctor ordered a contrast MRI, but Plaintiff alleges that Menard officials never properly followed through on that recommendation. He alleges that over the last year and a half, he has seen Defendant Dolce on multiple occasions. He claims that he has voiced concerns about his swollen foot, but she has responded in a hostile manner and has refused pain medications due to the undiagnosed nature of the mass on his foot. Plaintiff alleges that he has also raised the issue several times with Defendant Crain, but she has indicated the healthcare unit is understaffed and thus she cannot offer any assistance. (Doc. 1 at 6). Finally, Plaintiff faults Warden Wills for inaction despite numerous written complaints or grievances. He claims Wills ignores his problems, refuses to assist, or fails to respond. In closing, Plaintiff alleges that he continues to suffer in pain. Plaintiff seeks monetary relief and an injunction directing that he be provided with proper care for the mass in his left foot. (Doc. 1 at 7-8).

Based on the allegations in the Complaint, the Court will designate the following claims:

> **Claim 1:** Eighth Amendment deliberate indifference claim against Defendants Dolce and Crain for refusing care for Plaintiff's foot injuries (fracture and mass) from July of 2023-present;

> **Claim 2:** Eighth Amendment deliberate indifference claim against Defendant Wills for failing to investigate or remedy Plaintiff's complaints about his foot issues.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Preliminary Dismissal

Plaintiff named Wexford Health Source in the caption of this case, but he did not provide any factual allegations about Wexford. Wexford is a private corporation that cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Thus, under *Monell*, for Plaintiff to recover from Wexford, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). In other words, a plaintiff must show that "systematic and gross deficiencies in …[IDOC's] medical care system," caused his injury, and also that "a policymaker or official knew about these deficiencies and failed to correct them." *Daniel*

*v. Cook Cty.*, 833 F.3d 728, 735 (7th Cir. 2016). Alternatively, a plaintiff must show that "the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Dixon v. Cty. Of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Without any allegations pertaining to Wexford, Plaintiff has failed to state a claim against the entity, and Wexford will be dismissed without prejudice.

## Analysis

### Claim 1

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

Plaintiff's allegations against Defendants Dolce and Crain are sufficient to proceed. He alleges that he had a doctor's order for a follow-up MRI with contrast to diagnose the mass in his left foot, but from July 2023 to March of 2025 he has been prevented from receiving that diagnostic procedure or any other care. He has seen Dolce

and Crain multiple times and has asked them to address his foot pain, but Dolce has refused and Crain has indicated there is nothing she can do for him due to understaffing. Without care, he claims he suffers constant pain.  These allegations are sufficient at this preliminary juncture to proceed against Dolce and Crain for their personal role in refusing or delaying care.

**Claim 2**

Plaintiff faults Defendant Wills for ignoring or failing to respond to repeated correspondence or grievances about his foot problems.  For non-medical prison officials, such as administrators, an inmate may establish a claim of deliberate indifference if he can demonstrate that an official recklessly turned a blind eye to his serious medical need, or otherwise failed to exercise their authority to investigate and remedy the situation.  *See e.g.*, *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015).  However, if an administrator does investigate and is informed by medical professionals that care is ongoing, then they may reasonably rely on the judgment of medical professionals.  *See e.g.*, *Hayes v. Snyder*, 546 F.3d 516, 527-28 (7th Cir. 2008) (administrators who promptly responded to an inmate's correspondence about deficient care, investigated, and then relied on the judgment of treating providers, were not deliberately indifferent).  Plaintiff's allegations are just barely enough in his complaint to proceed against Defendant Wills.  He alleges he informed Wills via multiple grievances that he had a serious injury and was unable to get treatment, but Wills ignored his issue.  Claim 2 may proceed beyond initial review.

Plaintiff submitted a Motion to Amend (Doc. 9) wherein he alleges he wishes to present his claims against the Defendants in their individual and official capacities.  It is

well-established that suits against government officials in their official capacity are suits against the governmental entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). It is also well-settled that "neither a State nor its officials acting in their official capacities are 'persons' [subject to an action for damages] under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, to the extent Plaintiff seeks money damages from Defendants in their official capacity, § 1983 does not permit such an action and his action is therefore barred. By contrast, he seeks injunctive relief, and an official capacity claim is the appropriate vehicle for injunctive relief. Given this information, his Motion to Amend (Doc. 9) will be **GRANTED** and the Court will construe this amendment to be consistent with his request for injunctive relief.

## Motion for Recruitment of Counsel

Plaintiff filed a motion for recruitment of counsel with his complaint. (Doc. 3). In his Motion he explains that he has only a grade school education and required the assistance of a fellow inmate to draft his pleading. He also indicates he attempted to recruit his own counsel, but he did not provide proof of his efforts. There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The first inquiry "requires the indigent litigant to reasonably attempt to get a lawyer." *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Determining whether a

plaintiff has made reasonable efforts to recruit counsel himself "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021)* (citations omitted).

Here, Plaintiff's Motion (Doc. 3) will be denied because although he says he tried to get his own counsel, he failed to attach proof of his efforts. If Plaintiff wishes to renew his motion, he should give copies of at least three pieces of correspondence he exchanged when trying to find his own lawyer. If he does not have copies, he may describe his efforts in as much detail as possible (such as when he sent letters, who he sent them to, and what the letters described about his potential case). The Court also notes that, although it might be true in the future that the case could challenging, it is currently at the earliest stages which are very straightforward. The Court will initiate service of process, and it will guide Plaintiff through the initial exchange of information with counsel. Most litigants are able to get through these first steps even if they are not familiar with the law or have access to few materials. Thus, Plaintiff is encouraged to wait to renew his request for counsel until later in the case if possible.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against Defendants Dolce and Crain, and **Claim 2** may proceed against Defendant Anthony Wills. By contrast, Plaintiff has failed to state a sufficient claim against Defendant Wexford Health Source and the Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Wexford Health Source.

The Clerk of Court is **DIRECTED** to prepare for Defendants Anthony Wills, Connie Dolce, and Angela Crain: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,

regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff's Motion to Amend (Doc. 9) is **GRANTED** as explained above. Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. If he renews the Motion, he must provide proof he tried to contact at least three lawyers for representation.

**IT IS SO ORDERED.**

Dated: April 7, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.